IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:20-MJ-114 |
| ) | |
| ZACKARY ELLIS SANDERS, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR
<u>REVOCATION OF DETENTION ORDER</u>**

The United States of America, by and through its attorneys, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia, and William G. Clayman, Special Assistant United States Attorney (LT), files this response in opposition to the defendant's Motion for Revocation of Detention Order.

The defendant has been charged by criminal complaint with production of child pornography, which carries a mandatory minimum term of imprisonment of 15 years and a presumption that the defendant is both a danger to the community and a risk of nonappearance warranting pretrial detention. On March 20, 2020, the defendant appeared for a preliminary and detention hearing before the Honorable John F. Anderson, during which the Court found probable cause to support the criminal complaint. The Court also found that the defendant had failed to rebut the presumption in favor of detention and that, even if he had, the government had proven by clear and convincing evidence that no condition or combination of conditions of release in this case will reasonably assure the safety of any other person and the community. In making this finding, the Court specifically cited the "disturbing" nature and scope of the charged conduct.

The defendant now moves to revoke the Court's Order of Detention, proffering additional information about his community involvement and medical history and reiterating his claims before Judge Anderson that he should be released to the custody of his parents because of his personal history and the public health crisis posed by the outbreak of the novel coronavirus ("COVID-19"). Based on the nature and seriousness of the charged conduct, the weight of the evidence, the defendant's personal history and characteristics, and the screening procedures in place at the Alexandria Adult Detention Center ("ADC"), the United States submits that the defendant cannot rebut the presumption that no condition or combination of conditions will reasonably assure his appearance and the safety of the community and respectfully requests that the Court order him detained pending trial pursuant to 18 U.S.C. § 3142(e)(1).

## I.     FACTUAL SUMMARY AND PROCEDURAL HISTORY

On March 19, 2020, the defendant was charged by criminal complaint with production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). The defendant came to the government's attention after an investigation conducted by the Federal Bureau of Investigation ("FBI") and other law enforcement entities revealed that an individual accessed a website that advertises child pornography using an IP address associated with the defendant's residence in McLean, Virginia. The FBI obtained a warrant to search this residence and executed it on February 12, 2020. During the search, the defendant told law enforcement in a voluntary interview that he accessed and downloaded child pornography using the Tor network, which is an internet network designed to facilitate anonymous communication over the internet. The defendant also told law enforcement that he operated his own food vending business that provided food and drinks at local youth sporting events, among other events, and that he employed high school students from his community.

The FBI seized a number of the defendant's electronic devices pursuant to the search warrant, including a laptop, an Apple iPad, and an Apple iPhone. Given the storage capacity of these items and the amount of data stored on them, law enforcement's forensic analysis of the defendant's electronic devices is ongoing. At the time the United States presented the criminal complaint to the Court on March 19, 2020, however, the FBI had uncovered significant and compelling forensic evidence establishing that the defendant committed a range of offenses involving the sexual exploitation of children. A forensic examination of the defendant's laptop, for example, uncovered multiple images and videos depicting child pornography, including a 19-minute video that depicts adult men performing violent, sadomasochistic sex acts on an approximately 11-year-old boy.

A forensic examination of the defendant's iPad similarly revealed that the defendant used the device to have sexually explicit conversations with minors over Kik Messenger ("Kik"), a mobile messaging application, using the Kik username "DCSir". The FBI searched the internet for information related to the DCSir username and discovered multiple postings on an online "sexting" forum from 2018 and 2019 in which a poster who indicated that they were using the DCSir account stated that they were looking for a boy to become a sexual slave.[1] In a posting from October 2019, for example, an individual wrote that they were "looking for true slave boys"

---

[1] Based on the defendant's motion and the transcript of the detention hearing, it appears that the defendant is referring to the "sexting" forum as the website referenced in Paragraph 9 of the affidavit in support of the criminal complaint. *See* Dkt. 13 at 7; *see also* Dkt. 4 at ¶ 9 ("Through this investigation, the FBI received information that on or about May 23, 2020, an individual connected to the internet through a specific [IP] address and accessed a website that is known to law enforcement to advertise child pornography."). The "sexting" forum is not the website described in Paragraph 9, although the defendant is correct that the "sexting" forum currently advises visitors that they must be over the age of 18 years. It appears from the transcript of the detention hearing that this confusion is the result of a misunderstanding about the multiple websites referenced in the affidavit during the cross-examination of the government's witness.

and that this was "not a fantasy or play", and provided the Kik username DCSir with instructions for those interested to send their age, sex, and location, and "a live full body photo" of themselves. And, in November 2019, a minor boy did just that, writing to the defendant over Kik that he was a 14-year-old boy from the United Kingdom and sending him an image of what appears to be a nude minor male with his penis exposed.[2]

The bulk of the defendant's Kik chat with this minor is excerpted in the affidavit in support of the criminal complaint. At no point during the conversation does the minor indicate that he is an adult who is pretending to be a minor, nor has the government found any evidence indicating that the minor communicated that to the defendant outside of Kik. In fact, the defendant asked the minor in the Kik chat when his birthday was and confirmed with him that he only recent turned 14 years old. The defendant then repeatedly ordered the minor to take and send him nude images and videos, including multiple images of the minor's genitals after commanding the minor to shave his pubic hair and a video of the minor slapping himself in the testicles "as hard as [he] can" 40 times as "punishment" for resisting the defendant's previous demands.

Additional sexually explicit chats with and about minors were recovered from the defendant's Kik account on his iPad, including group chats that appear to be administered by the defendant and geared towards teenaged males and master-slave sexual relationships. A forensic examination of the defendant's iPhone likewise uncovered chats from various mobile messaging applications in which the defendant asked individuals who identified themselves as minors to send him sexually explicit images and videos of themselves. In at least one of these chats, the defendant

---

[2] The FBI believes that it has identified the minor victim through additional investigation. While the response to the global spread of COVID-19 has complicated law enforcement's investigation and its ability to make contact with the minor's family, the FBI's additional investigation appears to confirm that this victim is, as stated in the Kik message, a minor living in the United Kingdom.

instructed an individual who identified himself as a minor to take and send the defendant a video of the minor slapping his testicles as a form of punishment for not promptly complying with the defendant's orders. The defendant also demanded that some of these individuals provide him with personally identifying information about themselves.

The defendant was arrested and made his initial appearance in this Court before the Honorable John F. Anderson on March 20, 2020, during which the government requested that the defendant be detained pending trial. At the defendant's request, the Court held the defendant's preliminary hearing and detention hearing that same day. During the detention hearing, the defendant's mother testified that the defendant had lived with her and his father in McLean, Virginia, since he graduated college in 2017 and that they would be willing to serve as third-party custodians if he is released. The defendant's mother also testified that they had several electronic devices in their home for work. At the end of the hearing, the Court denied the defendant's request to be released to the custody of his parents and ordered him detained, finding that he had failed to rebut the applicable presumption in favor of detention and that, even if he had, the "disturbing" and serious nature of the allegations against him provided clear and convincing evidence to believe that no condition or combination of conditions would reasonably assure the safety of any other person and the community if he were released.

## II.  LEGAL STANDARD

The defendant now moves to revoke Judge Anderson's Order of Detention pursuant to 18 U.S.C. § 3145(b), which provides the Court with the authority to review a detention order by a Magistrate Judge. This review is conducted *de novo*. *See United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989). Further, because Judge Anderson found probable cause to believe that the defendant engaged in the production of child pornography, in violation of 18 U.S.C. § 2251(a) and

5

(e), "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community[.]" 18 U.S.C. § 3142(e)(3)(E). The defendant bears the burden of rebutting this presumption. *Id.*

"For pretrial detention to be imposed on a defendant, the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001). In determining whether there are conditions of release that will reasonably ensure the defendant's appearance at trial and pretrial hearings and that will protect the safety of the community, a court must consider: (1) "the nature and circumstances of the offense charged," including whether the offense is a "crime of violence" or "involves a minor victim"; (2) "the weight of the evidence against" the defendant; (3) "the history and characteristics of" the defendant, including the defendant's physical and mental condition; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by" the defendant's release. 18 U.S.C. § 3142(g).

### III.  ARGUMENT FOR DETENTION

The defendant has failed to present sufficient evidence to rebut the presumption in favor of detention triggered by the charged offense. Indeed, the defendant's rebuttal relies primarily on the fact that he did not flee after the search of his residence, proffered information about his community involvement, and the availability of his parents to serve as third-party custodians. As Judge Anderson noted at the detention hearing, however, the defendant was living with his parents—and was presumably involved with his community—when he engaged in the charged conduct. In fact, during the search of his home, the defendant told the FBI that he sought out minors in his community to work for him. Further, while it is true that the defendant did not flee following the execution of the search warrant, the defendant was also not aware of the nature of

the charge against him and the penalty he will face if convicted until his arrest, which occurred only about a month after the search. And even assuming *arguendo* that the presumption in favor of detention does not apply here, the facts contained in the affidavit in support of the criminal complaint provide ample reason to conclude that pretrial detention is appropriate under 18 U.S.C. § 3142(e)(1).

### A. The Nature and Circumstances of the Charged Offense

The defendant has engaged in serious criminal conduct that involves at least one minor victim, and likely many more. The information contained in the affidavit in support of the criminal complaint establishes that the defendant had a video file on his laptop depicting the sadomasochistic sexual abuse of a child while he was simultaneously exploiting and abusing a minor through online chats for his own sexual gratification. Notably, the defendant's pattern of abuse included demands that minor engage in painful and embarrassing sexual conduct as punishment for disobeying him. Where, as here, the victims of a defendant's conduct are minors, the danger posed by the defendant should he be released falls heaviest on society's most vulnerable and defenseless victims.

It is therefore no surprise that the Bail Reform Act designates crimes against children as a special category of offenses that is particularly deserving of the protections afforded by pretrial detention. As noted above, the Bail Reform Act instructs courts to presume that defendants accused of certain crimes against children, including violations of 18 U.S.C. § 2251(a) and (e), pose a specific danger to the community and a risk of flight. *See* 18 U.S.C. § 3142(e)(3)(E). It also designates such crimes as "crimes of violence," which is a factor that courts must consider when assessing whether pretrial detention is appropriate. *See* 18 U.S.C. §§ 3142(g)(1), 3156(a)(4)(C).

In this case, not only is the defendant's charged offense categorically more serious than certain other crimes that carry a presumption in favor of detention under the Bail Reform Act, but the defendant's conduct is particularly aggravated. Indeed, the child pornography found on the defendant's laptop and his Kik chat with the minor victim indicate that the defendant has a particular interest in the violent or sadomasochistic sexual abuse of children. The defendant was aware of the age of the minor when he ordered him to engage in the conduct described above, and the FBI's investigation has uncovered additional forensic evidence—including other chats, images, and videos on the defendant's iPad and iPhone—to establish that this Kik conversation was not an isolated incident or a one-time fantasy. Rather, it was part of a broader pattern of sexual misconduct with minors on the part of the defendant. Given the ubiquity of electronic devices capable of accessing the internet and the information contained in the affidavit in support of the criminal complaint, the government believes that no condition or combination of conditions of release will ensure that the defendant does not continue to engage in similar conduct or contact minors who he has previously communicated with if he is released. Detention is therefore appropriate.[3]

### B. The Weight of the Evidence Against the Defendant

The evidence against the defendant is strong. The defendant does not appear to deny that he had the chat giving rise to the charged offense, but rather claims that he was role-playing and

---

[3] In his motion, the defendant notes that the Court has previously ordered a defendant released after he was charged with production of child pornography. Dkt. 13 at 5 (citing *United States v. McCauley*, 1:18-cr-330). While there are a number of aggravating factors here not present in *McCauley* based on the complaint affidavits—including, for example, the fact that the defendant engaged in sexually explicit chats with multiple minors, ordered multiple purported minors to engage in painful sexual conduct for his own gratification, and had child pornography depicting adults performing violent sex acts on minors—it is worth noting that, based on the government's understanding, McCauley was already being supervised locally at the time of his federal arrest and was never released from custody because he could not identify a suitable third-party custodian.

that the minor's pubic hair led the defendant to believe that the minor was an adult. This assertion, however, is belied by the defendant's only known chat with the minor, in which both the minor and the defendant acknowledge that the minor only recently turned 14 years old, and the images and videos that the minor sent the defendant, which an FBI Special Agent who specializes in investigating federal crimes against children viewed and concluded depict a minor male. The defendant's claim of fantasy is further contradicted by the multiple other chats with and about minors that were recovered from the defendant's iPad and iPhone and the child pornography recovered from the defendant's electronic devices, all of which indicate that the defendant was an active and willing participant in a community of offenders interested in the sexual exploitation of children. Given the strength of the government's case, the nature of the allegations, and the significant sentence the defendant faces if convicted, the government believes that there is a substantial concern of his non-appearance should he be released and submits that detention is therefore appropriate.

      **C.     The History and Characteristics of the Defendant**

Because the defendant's detention hearing occurred on the same day as his initial appearance, the pretrial services office was unable to prepare a report addressing the defendant's history and characteristics. During the search of his home, however, law enforcement learned that the defendant employed local high school students and provided food and drink services to local youth events, indicating that he has positioned himself to have contact with minors beyond the communications described in the affidavit in support of the criminal complaint. Additionally, in his motion, the defendant proffers information regarding his mental health that raises concerns of non-appearance. Dkt. 13 at 8. Taken together, this information counsels in favor of detention.

The defendant also asserts that his parents are well situated to serve as third-party custodians because they have supported and lived with him for most of his life. *Id.* at 9. To the contrary, that is exactly why neither individual is an appropriate third-party custodian. The defendant engaged in the conduct described above while living with his parents in McLean, Virginia, and they were presumably unaware of or unable to prevent this criminal behavior. Additionally, at the detention hearing—over a month after the search warrant was executed and the defendant and his parents learned that he was the subject of a federal investigation involving child pornography—the defendant's mother testified that the defendant was still using his own smartphone, which further indicates a lack of concern or control on the part of the defendant's parents regarding his access to the internet to engage in this sort of criminal conduct. As such, neither of the defendant's parents are appropriate third-party custodians.

### D.    Concerns Related to COVID-19

In support of his motion to revoke the Court's Order of Detention, the defendant also asserts that he faces a heightened risk of contracting COVID-19 at ADC. While the government is mindful of the significant complications and dangers associated with the COVID-19 pandemic, the government is not aware of any reported cases of infection at ADC nor has the defendant presented any non-speculative evidence that he is at a higher risk of contracting COVID-19 while incarcerated at ADC than he would be in the community (particularly if he has to comply with the various registration and reporting requirements associated with conditions of pretrial release required by the Adam Walsh Act). Moreover, on March 18, 2020, Alexandria Sheriff Dana Lawhorne issued a 13-page memorandum detailing the many steps that the Sheriff's Office has taken to prevent the virus from entering and spreading within the facility. *See* Exhibit A. These protocols limit contact in the facility and provide for extensive screening and cleaning procedures.

As another member of this Court has recognized, these protocols will minimize a detainee's potential exposure to COVID-19 at ADC and ensure that a detainee's continued confinement will not put him at an increased risk of infection. *See United States v. Lewis*, 1:20-CR-06, Order [Dkt. 85] (E.D. Va. March 26, 2020) (denying release for defendant reportedly suffering from a number of cardiac conditions). In short, the speculative concern of a COVID-19 outbreak at the Alexandria ADC does not diminish the public's interest in keeping the defendant detained pending trial based on the danger he poses to other and his risk of non-appearance. Accordingly, the government respectfully requests that the Court deny the defendant's motion.[4]

                                        Respectfully submitted,

                                        G. ZACHARY TERWILLIGER
                                        United States Attorney

By:          /s/
                 William G. Clayman
                 Special Assistant United States Attorney (LT)
                 Office of the United States Attorney
                 2100 Jamieson Avenue
                 Alexandria, Virginia 22314
                 (703) 299-3700
                 william.g.clayman@usdoj.gov

---

[4] If the Court is inclined to release the defendant pending trial, the Adam Walsh Act requires that the conditions of his release include: electronic monitoring; travel and housing restrictions; no contact with any alleged victim or potential witness; limited access to firearms; and compliance with a curfew. *See* 18 U.S.C. § 3142(c)(1)(B). The government respectfully requests that the defendant be detained until all of these conditions can be satisfied by pretrial services. The government also requests that the Court order the defendant to have no contact with minors in general and no access to the internet or unapproved electronic devices, and also require that he live with an approved third-party custodian. As noted above, the government believes that the defendant's parents are inappropriate third-party custodians given that they lived with him during the offense conduct and have multiple electronic devices in their home as part of their professions.

CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically generated a Notice of Electronic Filing to the counsels of record for the defendant.

                                                /s/
                                    William G. Clayman
                                    Special Assistant United States Attorney (LT)
                                    Office of the United States Attorney
                                    2100 Jamieson Avenue
                                    Alexandria, Virginia 22314
                                    (703) 299-3700
                                    william.g.clayman@usdoj.gov