IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | 1:20-mj-114 (JFA/LMB) |
| ZACKARY ELLIS SANDERS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Zackary Ellis Sanders ("Sanders" or "defendant") has been charged by criminal complaint with production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). After an initial appearance before Magistrate Judge John F. Anderson, defendant was ordered to be detained pending further proceedings. Defendant has filed a Motion for Revocation of Detention Order and Request for Expedited Hearing. For the reasons stated below, this motion will be denied.[1]

On March 20, 2020, Sanders appeared before the magistrate judge, who found that probable cause supported the criminal complaint. The magistrate judge found that the rebuttable presumption under 18 U.S.C. § 3142(e)(3) therefore applies, namely that "no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community." [Dkt. No. 11]. The magistrate judge concluded that defendant had not introduced sufficient evidence to rebut this presumption, and that the government had proven "[b]y clear and convincing evidence that no condition or combination of conditions of release

---

[1] A hearing on this motion is scheduled for Friday, April 3, 2020. Because oral argument would not aid in the decisional process, this hearing will be cancelled.

will reasonably assure the safety of any other person and the community." Id. The magistrate judge also found that the "[w]eight of evidence against the defendant is strong," and that defendant was "[s]ubject to [a] lengthy period of incarceration if convicted." Id. Accordingly, the magistrate judge ordered that defendant be detained pending further proceedings.

Defendant has moved to revoke the order of detention pursuant to 18 U.S.C. § 3145(b), which gives the Court the authority to review a detention order issued by a magistrate judge. This review is conducted de novo. See United States v. Clark, 865 F.2d 1433, 1436 (4th Cir. 1989).

The Court agrees that there is probable cause to believe that defendant committed an offense involving a minor victim under 18 U.S.C. § 2251. Accordingly, the rebuttable presumption under 18 U.S.C. § 3142(e)(3)(E) applies, and the burden of production shifts to defendant to rebut it. In determining whether there are conditions of release that would reasonably assure the appearance of defendant as required and the safety of any other person and the community, the Court considers the factors set forth in 18 U.S.C. § 3142(g), including "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim;" "(2) the weight of the evidence against the person;" "(3) the history and characteristics of the person"; and "(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). To impose pretrial detention on a defendant, "the lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001).

With respect to the nature and circumstances of the offense charged, production of child pornography is an extremely serious crime that carries a mandatory minimum term of 15 years'

imprisonment and involves minor victim(s). The allegations in the affidavit supporting the criminal complaint are very disturbing and support the conclusion that defendant's conduct was aggravated. For example, the affidavit states that a forensic examination of defendant's devices showed that defendant "knowingly persuaded and attempted to persuade purported minors to produce images and videos of themselves engaging in sexually explicit conduct and to send those images and videos to [defendant] over the internet." [Dkt. No. 4] ¶ 13. The purported minors included an individual who told the defendant that he was 14 years old, and whom defendant asked, "[s]o you just turned 14 then?", and another individual who identified himself as a minor and whom defendant asked to take a video of himself slapping his testicles. Id. ¶ 15-22. The weight of the evidence against the defendant also appears to be strong, as demonstrated by the forensic examination of defendant's devices, which includes extensive text messages as well as images and videos.

Defendant's history and characteristics also support detention. For example, the government has reported that during the search of defendant's home, law enforcement learned that defendant employed local high school students and provided food and drink services to local youth events, which is concerning. Although defendant argues that his parents, both of whom are medical professionals who work from home, could serve as third-party custodians if he were released, defendant's alleged illegal conduct occurred while he was living with his parents. Moreover, defendant's mother's testimony during the detention hearing indicates that defendant was continuing to use his own smartphone at that time, which suggests that even after defendant's home was searched, his parents were unable or unwilling to take measures to prevent further criminal activity. [Dkt. No. 12] at 21:5-6.

In addition to arguing that his parents would be reliable third-party custodians, defendant argues that he has significant health issues which require prompt medical attention, and he also cites to concerns about the Coronavirus and his lack of a criminal history. These factors are insufficient to rebut the presumption at this time. Although defendant's lifelong ties to Virginia support the conclusion that he is not a flight risk, the risk of danger to the community posed by defendant's release would be quite serious, particularly given that if defendant engages in further activity of the same nature, the victims will be vulnerable minor children.

For all these reasons, the Court finds that clear and convincing evidence supports the conclusion that defendant has failed to rebut the presumption under 18 U.S.C. § 3142(e)(3)(E) that there is no condition or combination of conditions that will reasonably assure the safety of the community. Accordingly, it is hereby

ORDERED that defendant's Motion for Revocation of Detention Order and Request for Expedited Hearing [Dkt. No. 13] be and is DENIED; and it is further

ORDERED that the hearing scheduled for Friday, April 3, 2020 be and is CANCELLED.

The Clerk is directed to forward copies of this Order to counsel of record and the United States Pretrial Services Office.

Entered this 2nd day of April, 2020.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge